Filed 1/25/22  In re J.C. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>J.C.,<br><br>        Defendant and Appellant. | F082739<br><br>(Super. Ct. No. JW141149-00)<br><br>**OPINION** |

**THE COURT**[*]

        APPEAL from an order of the Superior Court of Kern County.  Wendy L. Avila, Judge.

        Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, A.P. J., Franson, J and DeSantos, J.

Minor, J.C., appeals from a disposition order adjudging him a ward of the juvenile court and committing him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ). On appeal, minor argues that the juvenile court erred in setting his maximum duration of confinement using the upper term of the trifecta that could be imposed upon an adult committing the same offense. The People agree. We reduce minor's maximum term of confinement to eight years. As modified, we affirm.

## PROCEDURAL SUMMARY

On July 9, 2020, the Kern County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)[1]) alleging minor committed rape by force (Pen. Code, § 261, subd. (a)(2); count 1), and rape of an unconscious person (Pen. Code, § 261, subd. (a)(4); count 2).

On January 25, 2021, the juvenile court found that the allegations of counts 1 and 2 were true beyond a reasonable doubt.

On May 5, 2021, the juvenile court held a disposition hearing at which it removed minor from the custody of his parent, adjudged him a ward of the court, and committed him to the custody of DJJ for a period not to exceed 10 years.

On the same date, minor filed a notice of appeal.

## DISCUSSION[2]

Minor contends the juvenile court erred in setting his maximum time of confinement at 10 years.[3] Specifically, minor contends he should have been committed

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] Because minor raises only legal issues, the facts underlying his offenses are not relevant and are therefore omitted from this opinion.

[3] The juvenile court did not explain how it reached the 10-year maximum term of confinement. However, as explained below, it is likely that the juvenile court erroneously relied upon former section 731, subdivision (c)—formerly allowing a juvenile court to impose a maximum term of commitment not to exceed the maximum term of imprisonment that could be imposed upon an adult convicted of the same

2.

for a maximum term of confinement of 8 years, calculated as follows pursuant to section 731, subdivision (c), as amended by Senate Bill No. 823 (2019–2020 Reg. Sess.) (Senate Bill 823) and section 726, subdivisions (d)(2) and (d)(3): six years (the middle term that would be applicable to an adult) on count 1, plus two years (one-third the middle term that would be applicable to an adult) on count 2. The People agree, as do we.

On September 30, 2020, the Governor approved Senate Bill 823 and its provision went into effect. Senate Bill 823 amended section 731, former subdivision (c). (See former § 731, subd. (c).) The amended section now limits the maximum term of confinement of a minor to DJJ to "the middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (Stats. 2020, ch. 337, § 28.) Senate Bill 823 became operative on September 30, 2020, and inoperative on July 1, 2021. (See former § 731, subd. (d) ["This section shall become inoperative on July 1, 2021, and, as of January 1, 2022, is repealed."].)

Further, section 726, subdivision (d)(3) permits a juvenile court to "aggregate the period of physical confinement on multiple counts …" in the same manner that a trial court could pursuant to Penal Code section 1170.1 for an adult convicted of the same offenses.

On the date of the disposition hearing in this matter, May 5, 2021, sections 726 and 731, as modified by Senate Bill 823, governed the juvenile court's authority to set a maximum term of confinement. The juvenile court should have calculated the maximum term of confinement as follows: on count 1, six years (the middle term for an adult convicted of the same offense); and on count 2, two years (one-third the middle term for an adult convicted of the same offense). (See Pen. Code, § 264, subd. (a).)

---

offense—to impose the upper term rather than the middle term that could be imposed upon an adult having been convicted of the same primary offense.

The parties further agree, as do we, that no remand is required to correct the error because the juvenile court imposed the longest possible maximum term of confinement. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896 fn. 15 [remand is not required for resentencing where the trial court imposes the maximum possible sentence].) We therefore modify minor's maximum term of confinement to eight years.

## DISPOSITION

Minor's maximum term of confinement is modified to eight years. As modified, the order is affirmed. The juvenile court is directed to prepare an amended disposition order reflecting the modification to the maximum term of confinement and forward a copy of that order to the DJJ.